IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| GEORGE W. COLE, | : | BANKRUPTCY NO. 5-00-bk-04467 |
| DEBTOR | : | |
| CITY OF WILKES-BARRE, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss and/or for Summary Judgment (Doc. #5) **AND** Plaintiff's Motion for Summary Judgment (Doc. #16)} |
| PLAINTIFF | : | |
| vs. | : | |
| ROBERT P. SHEILS, JR., TRUSTEE, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-06-ap-50032** |

# **OPINION**[1]

On January 20, 2006, the City of Wilkes-Barre filed this adversary praying for the imposition of a constructive trust upon the proceeds of the Debtor's personal injury action being held by the Chapter 7 Trustee, the Defendant herein. The Defendant has moved to dismiss or, in the alternative, for summary judgment (Doc. #5), and Plaintiff has moved for summary judgment (Doc. #11). Both Motions are pending before the Court. The Motion to Dismiss is denied for the reasons stated below, and the Motions for Summary Judgment are stayed pending further briefing on the applicability of the 1993 amendment to the Pennsylvania Workers Compensation Law[2] (hereinafter "1993 Amendment") to the Heart and Lung Act[3].

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[2] Section 23 of Act 1993, July 2, P.L. 190, No. 44.

[3] 53 Pa.C.S.A. § 637-38.

**Background**

On April 12, 1996, Debtor, a police officer employed by the City of Wilkes-Barre, was in an automobile accident with a Luzerne County employee. Debtor was injured and was unable to return to work immediately. The City of Wilkes-Barre began making payments for lost wages and medical bills to Debtor pursuant to the Pennsylvania Heart and Lung Act (53 Pa.C.S.A. § 637-38). In 1996, Debtor initiated a personal injury action against Luzerne County and the Luzerne County employee responsible for the accident. On December 18, 2000, Debtor filed for Chapter 7 bankruptcy. Thereafter, the personal injury lawsuit settled. The net proceeds, $569,376.30, were placed in possession of the Trustee. Attorney's fees and costs were paid out and the Trustee is currently holding approximately $372,176.96.

The City of Wilkes-Barre filed a proof of claim seeking subrogation for the amount of pre-petition and post-petition Heart and Lung Act benefits it paid to Debtor. An objection to the proof of claim was filed December 30, 2004. On October 13, 2005, the Court entered an Order, accompanied by an Opinion, granting in part and denying in part the Trustee's objection to the City of Wilkes Barre's claim. Thereafter, the City filed the instant adversary praying for the Court to direct the Trustee to hold the entire amount of the net settlement proceeds in a constructive trust to benefit the City and pay the proceeds to the City. Thereafter, the Defendant filed a Motion to Dismiss or for Summary Judgment (Doc. #5) on February 22, 2006, and the Plaintiff countered with a Motion for Summary Judgment (Doc. #16) on April 17, 2006.

**Defendant's Motion to Dismiss is Denied**

Defendant moved to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) which incorporates by reference Federal Rule of Civil Procedure 12(b)(6). "A

motion to dismiss pursuant to rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna Inc.,* 221 F.2d 472, 481-82 (3d Cir. 2000) citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410 (3d Cir. 1997). The foundation of the Defendant's Motion rests on the affirmative defense of immunity from subrogation, pursuant to a 1993 Amendment to the Pennsylvania Workers Compensation Law, Section 23 of Act 1993, July 2, P.L. 190, No. 44 which reads:

> The Commonwealth, its political subdivisions, their officials and employees acting within the scope of their duties shall enjoy and benefit from sovereign and official immunity from claims of subrogation or reimbursement from a claimant's tort recover with respect to workers' compensation benefits. Found at 77 P.S. 501 note.

The key phrase in the amendment being, "with respect to workers' compensation benefits." *Id.* The Act in question specifically amends the Pennsylvania Workers Compensation Act, Section 1 of Act 1993, July 2, P.L. 190, No. 44. Workers' compensation benefits are statutorily located in Title 77, conversely, the Heart and Lung Benefits are located in Title 53 (53 P.S. § 637). The Court finds significant the distinction between Title 53 and Title 77, especially in light of the fact the Court has yet to find any authority suggesting the 1993 Amendments to Title 77 are applicable to Title 53. Therefore, giving all inferences to the non-moving party in the context of the Motion to Dismiss, the Court is unwilling at this early date in the case to equate Heart and Lung Benefits with Workers' Compensation benefits, especially when the text of the Heart and Lung Benefit statute seems to suggest they are distinct benefits. *See* 53 P.S. § 637(c) (statutory provision providing an employee's right to workers' compensation does not begin until the expiration of heart and lung benefits.) In sum, because the Plaintiff has a potentially meritorious

argument defeating the Defendant's affirmative defense based on the inapplicability of the 1993 Amendment to the Heart and Lung Benefits, the Motion to Dismiss is denied.

**Defendant's Motion for Summary Judgment**

The Defendant moved in the alternative for summary judgment. (Doc. #5) The summary judgment standard requires the court to view the entire record in the light most favorable to the non-moving party, and find that there remains no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Matczak v. Frankford Candy and Chocolate Co.,* 136 F.3d 933 (3d Cir. 1997). In light of the dispositive nature of the Defendant's affirmative defense of immunity and the aforementioned dubious application of the 1993 Amendment to the Heart and Lung Act, the Court finds that granting summary judgment in favor of the Defendant would be premature.

**Plaintiff's Motion for Summary Judgment**

The Plaintiff's primary argument supporting its Motion for Summary Judgment lies with the theory of collateral estoppel. "Issue preclusion forecloses relitigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original judgement." *Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir. 1999). The Plaintiff asserts the language in this Court's prior Opinion[4] established the subrogation rights of the City in the proceeds of the litigation. The language at issue is as follows:

> I find that the entire amount of the payments made by the City to the Debtor pursuant to the City's obligations under the Pennsylvania Heart and Lung Act to be subject to subrogation. I further find that the Trustee holds the settlement proceeds in constructive trust in the amount equal to the payments made by the City on behalf of the Debtor under the requirements of the Pennsylvania Heart

---

[4] Opinion resolving Objection to Proof of Claim #7, Doc. #59 filed to Case No. 5-00-bk-04467.

and Lung Act.
*In re Cole*, 344 B.R. 44, 47 (Bkrtcy.M.D.Pa. 2005).

However, having reread the Opinion, I find this statement to be dicta and not essential or necessary to the original judgment.[5] Therefore, the Court finds this statement has no preclusive effect for purposes of collateral estoppel.

Furthermore, the Court finds that in light of the complex issues presented by this case, the Court concludes it would be premature to grant summary judgment in favor of either side at this time. Therefore, all Motions for Summary Judgment are stayed pending further briefing of whether the 1993 Amendment applies to the Heart and Lung Act.

An Order will follow.

Date: October 12, 2006

John J. Thomas, Bankruptcy Judge
(CMS)
*This opinion is electronically signed and filed on the same date.*

---

[5] During the hearing regarding the Motion for Clarification of this Order, the Court specifically noted that to the extent this language was not essential to the finding, the parties were free to further litigate the issue of whether the funds should be put into a constructive trust. (Audio Record of 12/9/2005 at 11:09.) The Court went on to state further that the only thing in front of it at the time of the Opinion was the proof of claim and stated that an adversary would have been a more appropriate way to resolve the propriety of the subrogation of the funds for the city. *(Id.* at 11:10.)