IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| GEORGE W. COLE, | : | BANKRUPTCY NO. 5-00-bk-04467 |
| DEBTOR | : | |
| CITY OF WILKES-BARRE, | : | {**Nature of Proceeding**: Cross Motions for Summary Judgment (Doc. #5, 16)} |
| PLAINTIFF | : | |
| vs. | : | |
| ROBERT P. SHEILS, JR., TRUSTEE, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-06-ap-50032** |

# OPINION

By a prior Opinion of this Court dated and filed October 12, 2006, the Court denied Defendant's Motion to Dismiss but held in abeyance Cross Motions for Summary Judgment until such time as the parties briefed the issue of whether the 1993 Amendment to the Workers' Compensation Act applied to the Heart and Lung Act.

George W. Cole (hereinafter "Cole") was a Wilkes-Barre city employee, injured in the line of duty when he was involved in a motor vehicle accident. Cole was covered by worker's benefits under the Heart and Lung Act, legislation very similar to Pennsylvania Worker's Compensation Act. During the time these benefits were received, Cole filed for relief under Chapter Seven of the federal Bankruptcy Code. Cole, and the bankruptcy Trustee, filed litigation against a third party to recover, in tort, Cole's damages. The City

of Wilkes-Barre (hereinafter "City") filed a proof of claim for the benefits advanced to Cole under the Heart and Lung Act. An earlier Opinion has allowed a portion of that proof of claim and indicated that the City should file an adversary if it wished to have the postpetition portion of its claim recognized. *In re Cole,* 344 B.R. 44, 46 (Bkrtcy. M.D.Pa. 2005).

Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) was enacted in 1984. It provided, as follows:

> § 1720. Subrogation
>
> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa.C.S.A. § 1720

This legislation, however, was repealed in 1993 by Section 25(b) of the Act of July 2, 1993, P.L. 190. No. 44 (Worker's Compensation Act amendments). While Act 44 reinstated the right of subrogation to those providing worker's benefits, Section 23 of the Act granted sovereign immunity from subrogation claims to employees of Pennsylvania political subdivisions.[1] Cole, as an employee of the City, a third-class city of the

---

[1] Section 23 of Act 1993, July 2, P.L. 190, No. 44, provides:
"The Commonwealth, its political subdivisions, their officials and employees acting within the scope of their duties shall enjoy and benefit from sovereign and official immunity from claims of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits."

Commonwealth of Pennsylvania and a "political subdivision," enjoys protection from subrogation claims of others. Section 558 of the Bankruptcy Code would appear to extend that defense to the estate. 11 U.S.C. § 558. Case law would also suggest that the trustee succeeds to the rights of the debtor. *Bank of Marin v. England*, 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966).

Of course, the legislation referred to references "worker's compensation" law and I deal here with benefits under the "Heart and Lung" Act. Two decisions of the Pennsylvania appellate courts appear to indicate that the Heart and Lung Act is so closely aligned with the state worker's benefit law that the two should be considered similarly. *Brown v. Rosenberger*, 723 A.2d 745 (Pa.Cmwlth.1999), *aff'g*, Brown v. Rosenberger 1998 WL 1112614 (Pa.Com.Pl.), 40 Pa. D. & C.4th 432; *Fulmer v. Commonwealth, Pennsylvania State Police*, 167 Pa. Commw. 60, 647 A.2d 616 (1994).

The City cites to *Halderman v. PennDOT*, 66 Pa. D. & C.4th 52, 2004 WL 1570145 (C.P. 2004) for the proposition that, where an act of the legislature finds its way into a statutory note in Purdon's Pennsylvania Statutes Annotated, it somehow is of lesser consequence than if it was placed in the body of the statutory reference. The "note" referred to is found in an unofficial codification by a private publisher.[2] This being the

---

77 P.S. § 501

[2] Pennsylvania's official codification is called Purdon's Pennsylvania Consolidated Statutes Annotated (Pa.C.S.A.). The unofficial codification of the private publisher is Purdon's Pennsylvania Statutes Annotated (P.S.). For further explanation in this regard and the relationship between the two codifications, see Clark, Introduction to the Pennsylvania Consolidated Statutes published in 1 P.C.S.A.,

[m:\u\c\o\5-06-ap-50032_Cole_Opinion_Workers Comp Act.wpd]     3

case, the note could hardly reflect the will of the legislature as to the import that one section of a statute has in relation to another. Respectfully, it is for this reason that I will discount the holding of *Halderman*.

The City also argues that my allowance of a proof of claim in favor of the City earlier in this case and reference to the possibility that the bankruptcy Trustee holds a fund in constructive trust for the City, somehow precludes the parties from arguing otherwise in this adversary. Sovereign immunity was certainly not raised by the bankruptcy Trustee in the claims litigation. Indeed, the Trustee conceded that the City should be allowed an unsecured claim for its prepetition claim. It was the Trustee's decision not to implement the provisions of Section 23 of Act 44 granting immunity from subrogation claims for a city employee during that litigation. Moreover, my references to a constructive trust were mere dicta in the Opinion, and, nevertheless, subject to defenses that might be raised in future adversaries such as the one now pending.

I simply read Section 23 of Act 44 as protecting Cole and his successor Trustee from subrogation claims with respect to workers' compensation benefits. I include Heart and Lung benefits within a subclass of workers' compensation benefits as concluded by the two Pennsylvania appellate decisions heretofore cited.

For the reasons indicated, I find that the Trustee enjoys the benefit of Cole's sovereign immunity defense, resulting in the granting of the Trustee's Motion for

---

page 2 et seq.

Summary Judgment and, thus, denying the City's claim for imposition of a constructive trust by reason of its subrogation claim.

My Order is attached.

Date:   May 16, 2007

John J. Thomas, Bankruptcy Judge
(CMS)
*This opinion is electronically signed and filed on the same date.*

[m:\u\c\o\5-06-ap-50032_Cole_Opinion_Workers Comp Act.wpd]     5

Case 5:06-ap-50032-JJT    Doc 26    Filed 05/16/07    Entered 05/16/07 10:34:58    Desc
Main Document      Page 5 of 5